UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FALLON FONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 12 C 1666 |
| FRANKLIN COLLECTION SERVICES, INC., | ) ) ) Judge John W. Darrah |
| Defendant. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Franklin Collection Services, Inc.'s Motion to Dismiss Plaintiff's Complaint. Plaintiff is *pro se*. This suit arises from alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 *et seq.*

### **BACKGROUND**

The following facts are taken from Plaintiff's Complaint and are accepted as true for purposes of resolving this Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff resides in Illinois. (Compl. ¶ 4.) Defendant is a Mississippi corporation, engaged in debt collection. (*Id.* ¶ 5.) On March 15, 2011, Defendant sent Plaintiff a letter, seeking to collect a debt of $83.60. (*Id.* ¶ 8.) Plaintiff claims that she does not owe the debt indicated in the collection letter. (*Id.* ¶ 13.) Plaintiff is a consumer within the meaning of § 1692a(3) of the FDCPA. (*Id.* ¶ 11.) Defendant is a debt collector within the meaning of the FDCPA because its principal business is to collect debt or attempt to collect debt owed or claimed to be owed to another. 15 U.S.C. § 1692a(6). (*Id.* ¶ 12.)

In Count I, Plaintiff alleges that Defendant violated § 1692e(2)(A), § 1692e(12) and § 1692f(1) of the FDCPA by sending a single letter, demanding the collection of an $83.60 debt. (*Id.* ¶¶ 8, 13.) In Count II, Plaintiff alleges that Defendant violated the ICAA by "misrepresenting the amount of the claim or debt alleged to be owed." 225 ILCS 425(a)(26). (*Id.* ¶ 17.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v.*

*Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). When a complaint is filed *pro se*, it should be "liberally construed" and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 115 (1976)) (internal quotations omitted); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## ANALYSIS

### FDCPA Claim

As set out above, Plaintiff alleges only that Defendant violated § 1692e (2)(A), § 1692e(12), and § 1692f(1) of the FDCPA because it sent a letter to Plaintiff on March 15, 2011, demanding collection of an $83.60 debt.

The FDCPA protects consumers from certain deceptive and abusive debt-collection practices. 15 U.S.C. § 1692(e); *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 643-44 (7th Cir. 2009) (*Wahl*). The Act prohibits debt collectors from harassing, oppressing or abusing any debtor; using false, deceptive or misleading statements in connection with the collection of a debt; and employing unfair or unconscionable means to collect a debt. 15 U.S.C. §§ 1692d, 1692e, 1692f. Claims against debt collectors under the FDCPA are evaluated from the perspective of an "unsophisticated consumer" – a "consumer who is uninformed, naive, or trusting." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). Moreover, "the FDCPA is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'Ships*, 577 F.3d 790, 805-06 (7th Cir. 2009).

3

*Section 1692e*

Plaintiff alleges that Defendant violated § 1692e of the FDCPA by sending a single letter, demanding to collect a debt. Section 1692e prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, Plaintiff contends Defendant violated § 1692e(2)(A), which prohibits the false representation of "the character, amount, or legal status of any debt," and § 1692e(12), which prohibits the "false representation or implication that accounts have been turned over to innocent purchasers for value." *Id.*

To determine whether the collection letter violates § 1692e(2)(A), the Court evaluates the letter from the viewpoint of the "unsophisticated consumer." *Wahl*, 556 F.3d at 645. The "unsophisticated consumer" will use her "reasonable perceptions" to decide "if collection messages are deceptive or misleading." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (*Gammon*); *see also Turner v. J.V.D.B & Assoc., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (*Turner*). The reasonableness element protects debt collectors complying with the FDCPA from liability for "unrealistic or peculiar interpretations of collection letters." *Gammon*, 27 F.3d at 1257. Moreover, "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA – even if it is false in some technical sense." *Wahl*, 556 F.3d at 645-46. In other words, only false statements that affect the outcome of the case are actionable under § 1692e. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.").

Although the Complaint disputes the debt, Plaintiff fails to specify which statements in the collection letter are false or misleading. Furthermore, Plaintiff does not indicate what information provided in the collection letter, if any, is confusing or whether certain charges are unauthorized.

In support of its Motion to Dismiss, Defendant attached the March 15, 2011 debt-collection letter. Plaintiff has not argued that the letter is outside the scope of the Complaint. Federal Rule of Civil Procedure 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. Rule Civ. Pro. 12(d). An exception to this general rule is allowed when the attached material is expressly referenced in the complaint and is central to the plaintiff's claim. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (for cases that rely on the interpretation of a document, "the concern is that, were it not for the exception, the plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit"). Because the collection letter is referenced in and central to Plaintiff's Complaint, it is properly considered here in ruling on the Defendant's Motion to Dismiss.

Here, the collection letter received by Plaintiff fully complies with the provisions in § 1692g of the FDCPA. Section 1692g requires that, within five days of the initial communication with a consumer, a debt collector must provide certain information and notices. 15 U.S.C. § 1692g. Defendant's letter specifies the amount of debt owed and the name of the creditor. (Mot., Ex. 1.) In fact, here, the language mirrors the statutory requirements in § 1692g(a) by providing the Plaintiff with information that: (1) the debt

is assumed valid unless the consumer disputes the debt within 30 days of receipt of the letter; (2) if the consumer disputes the debt in writing within the 30-day time period, the debt collector would obtain verification of the debt and mail it to the consumer; and (3) if the consumer requests in writing within the 30-day time period, the debt collector will provide contact information for the creditor. 15 U.S.C. § 1692g(a). Although compliance with § 1692g(a) is not dispositive of a § 1692e claim, the letter on its face contains nothing that could reasonably confuse an unsophisticated consumer. *See Harrer v. RJM Acquisitions,* No. 10-CV-7922, 2012 WL 162281, at *4 (N.D. Ill. Jan. 19, 2012) ("[T]he letter that Plaintiff received fully complied with the terms of § 1692g(a) . . . . While that fact is not dispositive on a claim under § 1692e, it is relevant here.").

At bottom, Plaintiff has failed to include any details as to which statements in the collection letter are false or misleading or what information provided in the collection letter, if any, is confusing or whether certain charges are unauthorized. Thus, Plaintiff's allegations are insufficient to state a claim under § 1692e(2)(A) of the FDCPA.

In addition, Plaintiff alleges that Defendant's representation violates § 1692e(12) by falsely implying that the "accounts have been turned over to innocent purchasers for value." 15 U.S.C. § 1692e(12). "The phrase obviously echoes the holder in due course doctrine and a false representation that the debt collector is holder in 'due course' is relevant to this section." *Hartman v. Asset Acceptance Corp.*, 467 F. Supp. 2d 769, 779 (S.D. Ohio 2004) (*Hartman*). To prove the debt collector violated § 1692e(12), Plaintiff must provide specific facts showing that Defendant misrepresented itself as a "holder" or "holder in due course." *Grismore v. United Recovery Sys., L.P*, No. CV-05-2094, 2006 WL 2246359, at *6 (D. Ariz. Aug. 3, 2006). However, the collection letter never

6

indentifies Defendant as a "holder" of the debt or that the company is a "holder in due course"; rather, the letter clearly indicates that the debt is owed to AT&T. (Mot., Ex. 1.) A reasonable, unsophisticated consumer would not be confused or misled by the terminology in the collection letter that Plaintiff received.

To support her argument, Plaintiff contends that she received a subsequent collection letter from a company called CBCS. (Compl. ¶ 13(c).) Plaintiff alleges that the existence of such a letter proves the Defendant assigned her alleged debt to CBCS. (*Id.*) Plaintiff's claim fails because she does not plead a connection between CBCS and Defendant and, thus, there are no allegations demonstrating that the CBCS letter is a result of the Defendant transferring the alleged debt to CBCS. Here, Plaintiff's allegations are insufficient to state a claim under § 1692e(12) of the FDCPA.

For the reasons stated above, Plaintiff's claim under § 1692e(2) and § 1692e(12) is dismissed without prejudice.

*Section 1692f*

Section 1692f of the FDCPA forbids a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Specifically, Plaintiff alleges violations of § 1692f(1), which prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such an amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* For § 1692f(1), the focus is "on the means used to collect" the alleged debt, in this case, the single collection letter. *Turner*, 330 F.3d at 996. However, merely initiating debt collection activities will not violate this section of the FDCPA. *Jang v. A.M. Miller and Associates*, 122 F.3d 480. 483-84 (7th Cir. 1997) ("[I]n

7

the real world, creditors and debt collectors make mistakes, and sometimes initiate collection activities against persons who do not owe debt."). Again, the "unsophisticated consumer" standard is applied to determine how a reasonable consumer would perceive the collection letter. *Id.* at 484.

Plaintiff alleges that the amount owed in the debt-collection letter is incorrect because it is not authorized by the agreement creating the debt or permitted by law. (Compl. ¶ 13(b).) Yet, Plaintiff does not plead that she contacted Defendant after receiving the initial letter to request a verification of the debt or that subsequent to her request Defendant failed to provide written validation of the debt. The single collection letter is the only evidence of communication between the parties. As established above, the letter fully complies with statutory requirements in § 1692g(a). Defendant's letter included the amount of debt, the name of the creditor, and the process for requesting written verification of the debt. (Mot., Ex. 1.) When a collection letter provides the precise information required by the Act, the letter is not "an unfair or unconscionable means of debt collection under § 1692f," even if the debt collector may have falsely stated the amount of debt owed. "[A] letter simply providing the information required by § 1692g(a) is not an unfair or unconscionable means of debt collection under § 1692f, even when the debt collector may have violated some other provision of the FDCPA." *Turner*, 330 F.3d at 998; *Jang*, 122 F.3d at 484 ("a debt collector who strictly complies with the provisions of the FDCPA cannot be said to have used unfair or unconscionable means to collect a debt under section 1692f").

Further, after receiving a collection letter from CBCS, Plaintiff admits that she sent a debt verification letter to CBCS. (Compl. ¶ 13(d).) Given that Plaintiff responded

8

to the September 14, 2011 CBCS letter in a timely manner and that Defendant's letter satisfies the unsophisticated-consumer standard, it is reasonable to infer that Plaintiff would know how to contact the Defendant to request validation of the alleged debt. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) (even an unsophisticated consumer has a presumed "willingness to read a collection notice with some care"). Therefore, Plaintiff's allegations do not establish that Defendant violated § 1692f(1) of the FDCPA. Plaintiff's claim is dismissed.

As the only count supporting federal jurisdiction, the FDCPA claim, has been dismissed, Defendant's Motion to Dismiss is denied without prejudice as to her state-law ICAA claim in Count II. *See Al's Serv. Center v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claim.").

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [11] is granted in its entirety, without prejudice. Plaintiff may file an amended complaint within thirty days of the date of the entry of this Order, if she can so do consistent with the requirements of Federal Rule of Civil Procedure 11.

Date: August 16, 2012

JOHN W. DARRAH
United States District Court Judge